UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| AL ASHER & SONS, INC. | § § § § § | |
| Plaintiff, | § § | |
| v. | § § § | Civil Action No.  7:19-cv-173 |
| FOREMAN ELECTRIC SERVICE COMPANY, INC. | § § § § | JURY TRIAL DEMANDED |
| Defendant. | § | |

**PLAINTIFF'S VERIFIED ORIGINAL COMPLAINT
AND REQUEST FOR INJUNCTIVE RELIEF**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Plaintiff Al Asher & Sons, Inc. ("Asher" or "Plaintiff") files this Verified Original Complaint and Request for Injunctive Relief against Defendant Foreman Electric Service Company, Inc. ("Foreman" or "Defendant"), and respectfully shows the Court as follows:

**I.
PARTIES**

1. Plaintiff Al Asher & Sons, Inc. is a California corporation with its principle place of business in Los Angeles, California. Asher is a family owned and operated business that leases construction trucks and specialized equipment to businesses throughout the country.

2. Defendant Foreman Electric Service Company, Inc. is a Texas corporation with its principal place of business at 2626 JBS Parkway, Suite B 205, Odessa, Texas 79761-5903, and it may be served with citation by serving its registered agent for service of process, Bront Bird, 909 West 69th, Odessa, Texas 79764, or wherever he may be found. Defendant is an

**PLAINTIFF'S VERIFIED ORIGINAL COMPLAINT AND REQUEST FOR INJUNCTIVE RELIEF**
1

electrical repair company that leased vehicles and equipment from Asher for which it has not paid.

## II.
### JURISDICTION

3. The Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332, because there is complete diversity of the parties, as Asher is a citizen of California with its principal place of business in California, and Defendant is a citizen of Texas with its principal place of business in Texas. The amount in controversy exceeds $75,000.00.

4. The Court has personal jurisdiction over Defendant because it is a citizen and resident of Texas, and it regularly conducts business in Texas.

## III.
### VENUE

5. Venue is proper in this judicial district because it is the district in which the Defendant resides. 28 U.S.C. § 1391(b)(1). Venue is also proper in the judicial district because a substantial part of the events or omissions giving rise to Asher's claims occurred in this judicial district. *Id.* at § 1391(b)(2).

## IV.
### STATEMENT OF FACTS

**A.    Defendant Leases Equipment and Vehicles from Asher But Refuses to Pay.**

6. Plaintiff Asher is in the business of leasing construction vehicles and specialized construction equipment to entities throughout the country. Defendant Foreman provides electrical, power line, instrumentation, automation, and storm restoration services.

7. Defendant has leased construction equipment and vehicles from Asher, and Defendant agreed to pay monthly lease fees to Asher for the equipment and vehicles. In total,

Defendant executed 11 Rental Agreements with Asher in which it agreed to, among other things, pay monthly lease payments to Asher.  True and correct copies of the Rental Agreements are attached as Schedule 1 to the Declaration of James A. Asher, which is attached hereto as Exhibit A, and is incorporated herein by reference for all purposes.

8.  Pursuant to the Rental Agreements, Defendant agreed to make all rental payments upon demand by Asher.  Specifically, Defendant agreed to tender payments to Asher within 30 days of the invoice date.  True and correct copies of the unpaid invoices are attached hereto as Schedule 2 to the Declaration of James A. Asher.  If the invoices are not paid within 30 days, the amounts due accrue interest at a rate of 1.5 percent per month (or 18% annually).  *See* Schedule 2.  Further, Defendant agreed to pay Asher's "reasonable attorneys' fees and costs in connection with enforcing any of [the invoice] conditions or recovering payment in the amount of any invoice."  Schedule 2; *see also* Schedule 1, ¶ 12.

9.  In the usual course of business and pursuant to the Rental Agreements, Asher leased the equipment and vehicles to Defendant, and Defendant commenced use of the equipment and vehicles.  Defendant accepted each piece of equipment and the vehicles, and became bound to pay Asher the agreed-upon lease payments.  The amount of the lease payments is consistent with the Rental Agreements and is reasonable, usual, and customary for the lease of such equipment and vehicles.  The account on which Asher sues accurately represents a transaction or series of transactions for which a systematic record has been kept in the ordinary course of business.  True and correct copies of the invoices related to the principle balance due are attached and incorporated herein as Schedule 2 to Exhibit A.

10. Defendant defaulted on the Rental Agreements by, among other things, failing to make full payment on the invoices.  The principal balance due to Asher on the account is

$424,305.13, which continues to increase by at least $24,750 per month in principal, since at least nine pieces of equipment remain in Defendant's possession.[1]  A true and correct summary of the outstanding invoices is attached hereto as <u>Exhibit</u> B and incorporated herein by reference.  Pursuant to the Rental Agreements and the past-due invoices, Asher seeks to recover the outstanding debt of at least $424,305.13, which continues to increase as Defendant retains and continues to use nine pieces of Asher's equipment, in addition to pre-judgment and post-judgment interest and attorneys' fees and costs.  Asher has demanded that Defendant pay the amount due, but Defendant has not done so.  Asher has also made a presentment of its attorneys' fees incurred, which Defendant also ignored.

11.     In response to demand for payment, Defendant advised Asher that it may file for bankruptcy given its poor financial condition.  According to Defendant, its lack of funds and poor financial condition is the reason for its non-payment on the account.

12.     Asher has fully performed its obligations under the Rental Agreements.  All conditions precedent, if any, to the relief sought by Asher herein have been met, satisfied, or waived.

**B.     <u>Defendant Currently Has Two Vehicles and Eight Pieces of Equipment in its Possession, Some of Which are Apparently Uninsured, and Defendant Refuses to Return the Property to Asher</u>.**

13.     As part of the Rental Agreements, Defendant agreed to procure insurance coverage for all of the leased vehicles and equipment and to name Asher as a co-insured on the

---

[1] The following equipment and vehicles are in Defendant's possession: (1) 1999 IHC DSL Pitman MD50H-Plus Digger Derrick, Unit 14335; (2) 2004 Freightliner Altec DM47TR Digger Derrick, Unit 15057; (3) 2017 Brooks Bros. PT122-7KE Pole/Cargo Trailer, Unit 15358; (4) 2017 Brooks Bros. PT122-7KE Pole/Cargo Trailer, Unit 15413; (5) 2017 Brooks Bros. PT122-7KE Pole/Cargo Trailer, Unit 15414; (6) 2017 Brooks Bros. PT122-7KE Pole/Cargo Trailer, Unit 15415; (7) 2017 Brooks Bros. PT122-7KE Pole/Cargo Trailer, Unit 15416; (8) 2017 Brooks Bros. PT122-7KE Pole/Cargo Trailer, Unit 15417; and (9) 2017 Brooks Bros. PT122-7KE Pole/Cargo Trailer, Unit 15418.

policy.  *See* Schedule 1, ¶ 1.  Defendant initially obtained insurance on the equipment and vehicles, but that coverage expired on June 26, 2019.  A true and correct copy of that document is attached as Exhibit C.  When Asher alerted Defendant that the coverage was set to lapse, Defendant provided Asher with a Certificate of Insurance that listed some—but not all—of Asher's equipment and vehicles as covered property.  A true and correct copy of that document is attached as Exhibit D.  Thus, there is no evidence that all of the current vehicles and equipment in Defendant's possession are insured.

14. Due to the apparent lack of insurance coverage on all of the equipment and vehicles in Defendant's possession, Asher demanded on July 9, 2018, that Defendant immediately cease all use of the equipment and return the equipment to Asher via truck common carrier transportation.  This request was made pursuant to Sections 9 and 22 of the Rental Agreement, which obligate Defendant to return the vehicles and equipment to Asher upon request.  *See* Schedule 1, ¶¶ 9, 22.  And if Defendant fails to return the vehicles and equipment upon request, Defendant agreed to pay "a sum of money equal to twice the above basic rental rates." *Id.* ¶ 9.

15. Defendant responded to Asher's demand on July 12, 2019, stating that any attempt by Asher to recover its property would be deemed by Defendant as "wrongful possession."  Exhibit E.  Thus, Defendant continues to use Asher's vehicles and equipment, some of which is apparently without insurance coverage, despite Defendant's obligations to obtain such coverage, and despite Defendant's obligation to return the vehicles and equipment upon Asher's request.  *See* Schedule 1, ¶¶ 9, 22 (requiring Defendant to return Asher's property upon demand).  This uninsured risk creates a great deal of liability for Asher, from loss of the vehicles and equipment to third-party liability for accidents that occur during their use.  And

Defendant's apparent lack of financial resources and its potential bankruptcy leaves Asher without recourse and without an adequate remedy at law.

### C.      Defendant Has Returned Two Vehicles to Asher With Significant Damage for Which it Refuses to Pay.

16.     For the two vehicles that Defendant returned to Asher in April 2019, Defendant agreed in the Rental Agreements to "return the vehicle[s] to [Asher] in the same condition as when received," and to "pay all the costs of repairs as a result of damage to the vehicle by reason of collision, theft, or misuse." Schedule 1, ¶ 2. Defendant also agreed to pay Asher "the full cost of any damages caused by neglect or maintenance and the list price of any missing accessories or parts." *Id.* ¶ 8.

17.     On or about April 15, 2019, Defendant returned to Asher a 2006 International Altec Digger Derrick, Unit 15058 (VIN No. 1HTMMAAN96H244295) with significant damage. The damage ranged from cracked fenders, broken headlights, to damaged fan blades, and the repair costs totaled at least $28,871.31.[2]

18.     On or about April 15, 2019, Defendant also returned to Asher a 2006 International 6X6 Altec Bucket Truck, Unit 15411 (Vin No. 1HTWJAAR46J374661) with significant damage. The damage ranged from torn seats, broken mirrors, to large door dents, and the repair costs totaled at least $30,449.08. Defendant has refused to pay for the damages it caused to these vehicles, despite its contractual obligation to do so. It has also failed to tender the damage claim

---

[2]      In addition, contrary to the parties' agreement and Asher's instructions, Defendant drove this vehicle and another one back from Odessa to Los Angeles, despite the fact that the vehicles may not be driven on California roads pursuant to regulations instituted by the California Air Resources Board ("CARB"). Asher was fined $3,000 for Defendant violating the restrictions by driving the vehicle on California roads, and Asher seeks to recover that fine from Defendant. *See* Schedule 1, ¶ 14 (Defendant must inform Asher of any traffic violations, citations, or fines and must "pay all fines resulting by reason thereof"). Asher expects another fine of $3,000 for Defendant's operation of the other vehicle on California roads, for which it will seek recovery from Defendant.

for the vehicles to the insurance carrier, and has actually hindered the tender of the claim to the carrier by, among other things, claiming that the significant damage is normal wear and tear.

## V.
### CAUSES OF ACTION

A.     **Count One:  Suit on Sworn Account**

19.     Asher incorporates all prior paragraphs herein by reference.

20.     Under the terms of the Rental Agreements, and in consideration of the leased equipment and vehicles provided by Asher to Defendant, on which a systematic record has been kept, Defendant promised and is bound and liable to pay Asher the principal balance due on the account in the amount of $424,305.13, which continues to increase.  The amounts due to Asher are just and true because they are in accordance with the terms of the Rental Agreements and are the usual, customary, and reasonable charges for such leases.  *See* Exhibit A.

21.     All lawful offsets, payments, and credits have been applied to Defendant's account.  The principal balance of $424,305.13, which continues to increase, remains due and unpaid.  These damages are liquidated, and this Complaint is filed under oath.

22.     Consequently, after Defendant defaulted on the account, Asher employed the undersigned counsel and a demand for payment was sent.  Asher agreed to pay its counsel reasonable attorneys' fees and costs for their services, for which it seeks recovery herein pursuant to the Rental Agreements and Chapter 38 of the Civil Practices and Remedies Code.

23.     In addition, Asher seeks prejudgment interest in the amount set forth in the agreement, or alternatively, at the maximum rate permitted by law.  Additionally, Asher seeks post-judgment interest at the maximum rate permitted by law.

B.     Count Two:  Breach of Contract

24.    Asher incorporates all of the proceeding paragraphs herein by reference.

25.    Asher and Defendant entered into the Rental Agreements, which are valid, enforceable contracts.  As a party to the Rental Agreements, Asher is the proper party to sue for breach of the Rental Agreements.

26.    Defendant breached the Rental Agreements by wrongfully refusing to pay Asher the amounts due and owing.  Asher performed under the Rental Agreements by providing the equipment and vehicles to Defendant.  Alternatively, Asher tendered performance or was excused from performing its contractual obligations.  Defendant's breaches have caused and continue to cause substantial injury to Asher.

27.    Defendant also breached the Rental Agreements by tendering to Asher the 2006 International Altec Digger Derrick (VIN No. 1HTMMAAN96H244295) and 2006 International 6X6 Altec Bucket Truck (Vin No. 1HTWJAAR46J374661) in damaged condition and by refusing to pay for the damage it caused.  Defendant agreed in the Rental Agreement to "return the vehicle[s] to [Asher] in the same condition as when received," and to "pay all the costs of repairs as a result of damage to the vehicle by reason of collision, theft, or misuse."  Schedule 1, ¶ 2.  Defendant also agreed to pay Asher "the full cost of any damages caused by neglect or maintenance and the list price of any missing accessories or parts." *Id.* ¶ 8.  Defendant has failed to do so, and it has also hindered Asher's ability to tender an insurance claim to the carrier for coverage.  This conduct constitutes a breach of the Rental Agreements for which Asher is entitled to damages.

28. Further, Defendant has breached the Rental Agreements by failing and refusing to return the two vehicles and seven pieces of equipment in its possession. The principal balance for those items continues to accrue at a rate of $24,750 per month.

29. Accordingly, Asher sues Defendant for breach of the Rental Agreements and seeks judgment in an amount in excess of the minimum jurisdictional limit of this Court, in addition to pre-judgment interest, post-judgment interest, and attorneys' fees and costs.

**C.     Count Three:  Quantum Meruit**

30. Asher incorporates all of the proceeding paragraphs herein by reference.

31. In the alternative, Defendant obtained a benefit from Asher by fraud, duress, or the taking of an undue advantage entitling Asher to restitution. Defendant has failed to pay the amounts due for the lease of the equipment and vehicles, and Defendant has also refused to pay for the damage it caused to Asher's vehicles. In the alternative and to the extent that the contemplated agreement between the parties is unenforceable, impossible, not fully performed, thwarted by mutual mistake, or void for other legal reasons, Asher is nonetheless entitled to restitution, pre-and post-judgment interest, and attorneys' fees and costs.

**D.     Count Four:  Unjust Enrichment**

32. Asher incorporates all of the proceeding paragraphs herein by reference.

33. In the alternative, Defendant was unjustly enriched by obtaining a benefit from Asher in the form of equipment and vehicles through fraud, duress, or the taking of an undue advantage of Asher.

34. Defendant has wrongfully secured that benefit from Asher, and it would be unconscionable to permit Defendant to retain that benefit and to withhold payment for the

damages it has caused to the vehicles it has returned. Thus, Defendant should be ordered to make restitution to Asher.

E.      **Count Five: Promissory Estoppel**

35.      Asher incorporates all of the proceeding paragraphs herein by reference.

36.      In the alternative, Defendant made a promise to Asher to pay for the leased equipment and vehicles and to pay for any damages caused to the leased equipment and vehicles. Asher reasonably and substantially relied on the promise to its detriment by providing substantial equipment and vehicles to Defendant.

37.      Asher's reliance on Defendant's promise to pay was foreseeable by the Defendant, particularly when Asher provided the equipment and vehicles to Defendant based on its promise to pay.

38.      Injustice can be avoided only by enforcing Defendant's promise to pay Asher the monthly lease rates for the equipment and vehicles Asher provided to Defendant and for the damage Defendant caused to the equipment and vehicles.

F.      **Count Six: Money Had and Received**

39.      Asher incorporates all of the proceeding paragraphs herein by reference.

40.      In the alternative, Defendant holds $424,305.13 (which continues to increase) in funds that belong to Asher pursuant to its lease of equipment and vehicles to Defendant.

41.      Those funds belong to Asher in equity and good conscience, given Asher's provision of construction equipment and vehicles to Defendant that Defendant utilized in it business to generate income.

42. Asher is entitled to all of its actual damages, in addition to exemplary damages for Defendant's fraud, malice, and/or gross negligence in securing the equipment and vehicles from Asher.

### G. Count Seven: Conversion

43. Asher incorporates all of the proceeding paragraphs herein by reference.

44. Asher owns, had legal possession of, and is entitled to possession of the two vehicles and seven pieces of equipment currently in Defendant's possession. Defendant has assumed and exercised dominion and control over this property in an unlawful and unauthorized manner, to the exclusion and inconsistent with Asher's rights. Defendant has refused Asher's demands for the return if its property. As approximate result, Asher has suffered, and continues to suffer, damages and loss for which it seeks recovery.

## VI.
## APPLICATION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND PERMANENT INJUNCTION

45. Pursuant to LOCAL RULE CV-65, Asher's full application for injunctive relief (the "Application") is contained in a separate, contemporaneously filed document, which is incorporated herein for all purposes.

46. For the reasons set for the Application, Asher seeks injunctive relief directing Defendant to immediately cease use and to return the following vehicles and equipment via common carrier truck to Asher:

(1) 1999 IHC DSL Pitman MD50H-Plus Digger Derrick, Unit 14335;

(2) 2004 Freightliner Altec DM47TR Digger Derrick, Unit 15057;

(3) 2017 Brooks Bros. PT122-7KE Pole/Cargo Trailer, Unit 15358;

(4) 2017 Brooks Bros. PT122-7KE Pole/Cargo Trailer, Unit 15413;

(5) 2017 Brooks Bros. PT122-7KE Pole/Cargo Trailer, Unit 15414;

(6) 2017 Brooks Bros. PT122-7KE Pole/Cargo Trailer, Unit 15415;

(7) 2017 Brooks Bros. PT122-7KE Pole/Cargo Trailer, Unit 15416;

(8) 2017 Brooks Bros. PT122-7KE Pole/Cargo Trailer, Unit 15417; and

(9) 2017 Brooks Bros. PT122-7KE Pole/Cargo Trailer, Unit 15418.

## VII.
### CONDITIONS PRECEDENT

47. All conditions precedent to Asher's claims have occurred, been performed, or are excused from performance.

## VIII.
### ATTORNEYS' FEES AND COSTS

48. All preceding paragraphs are incorporated herein as if fully set forth.

49. Defendant's default, acts, and omissions set forth herein and in the Application made it necessary for Asher to employ the undersigned attorneys to file suit. This claim was timely presented to Defendant and remains unpaid. Pursuant to the Rental Agreements, the invoices, Chapter 38 of the Texas Civil Practice & Remedies Code, and Texas common law, Asher is entitled to recover, and hereby seeks, its attorneys' fees, expenses, and costs incurred herein.

## IX.
### JURY DEMAND

50. Asher demands a jury trial on all triable issues and tenders the jury fee herewith.

# X.
# PRAYER

Asher respectfully requests the following relief:

a. Defendant be cited to appear and answer;

b. Asher be granted judgment in the amount of $424,305.13 (which continues to increase), as the principal on the amounts due on the account;

c. all actual, consequential, and special damages caused by Defendant's breaches, acts, and omissions, as set forth herein and in the Application;

d. Asher be granted prejudgment interest at the contract rate, or alternatively, at the maximum rate allowable by law;

e. Asher be granted judgment for all costs of court;

f. Asher be granted attorneys' fees, costs, and expenses, including conditional appellate attorneys' fees, costs, and expenses;

g. Asher be granted post-judgment interest at the highest rate allowable by law on the total amount of the judgment from the date of judgment until paid;

h. Asher be granted injunctive relief as requested in its Application; and

i. for all other and further relief, at law and/or in equity, special or general, as the Court may deem just and proper.

DATED: July 15, 2019.

        Respectfully submitted,

        **JACKSON WALKER L.L.P.**

        By: */s/ Joshua A. Romero*
           Joshua A. Romero
           *jromero@jw.com*
           State Bar No. 24046754
           Michael Roberts
           *mroberts@jw.com*
           State Bar No. 24082153
           100 Congress, Suite 1100
           Austin, Texas  78701
           [Tel.] (512) 236-2035
           [Fax] (512) 391-2131

        **ATTORNEYS FOR PLAINTIFF**

23437902v.2